

RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 2/7/13
BY___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HAZEL FIELDS | CIVIL ACTION: No. 12-882 |
| VERSUS | JUDGE DONALD E. WALTER |
| SOUTHERN FAST LOANS OF LOUISIANA, INC., AND FAST AUTO AND PAYDAY LOANS, INC. D/B/A CASH COW | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss or, in the alternative, Motion to Stay and Compel Arbitration pursuant to 9 U.S.C. §§ 3 and 4 filed on behalf of Defendants. [Doc. 7]. Plaintiff opposes this motion. [Doc. 9]. For the reasons stated herein, Defendants' Motion to Stay and Compel Arbitration [Doc. 7] is hereby **GRANTED**, and Defendants' Motion to Dismiss is **DENIED**.

### I. FACTS

Plaintiff worked for Defendants from May 20, 2010 until April 14, 2011. Several weeks into her employment, Plaintiff and Defendants executed a written Mediation and Arbitration Procedure Agreement. Pursuant to this agreement, the Plaintiff agreed that any controversy with the Defendants arising out of her employment would first be submitted to non-binding mediation and, if necessary, final and binding arbitration. [Doc. 7-1 at 1]. Additionally, the agreement stated that "[t]he arbitration will be conducted and administered by the American Arbitration Association ("AAA") under its National Rules for the Resolution of Employment Disputes - Arbitration and

1

Mediation...." [Doc. 7-1 at 2].

Plaintiff was terminated on April 14, 2011. On April 13, 2012, Plaintiff filed this lawsuit alleging racial discrimination pursuant to 42 U.S.C. § 1981, claims for overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and a claim for unpaid wages under Louisiana law, La. R.S. 23:631. Additionally, Plaintiff requests injunctive relief prohibiting Defendants from retaliating and discriminating against other employees on account of race, and to implement a program to ensure that Defendants don't engage in discrimination in the future.

Defendants filed this motion to dismiss, or in the alternative, motion to stay and compel arbitration, alleging that Plaintiff's case falls within the scope of the arbitration agreement.

## II. LAW AND ANALYSIS

The Federal Arbitration Act ("FAA") provides that a written agreement to arbitrate related to a transaction involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Plaintiff does not contest Defendants' conclusion that the employment contract at issue in this case, including the arbitration agreement, relates to a contract involving interstate commerce. Therefore, the FAA governs the analysis of a motion to compel arbitration under this agreement. Under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Moses H. Cone*, 460 U.S. at 24–25.

The FAA "permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.'" *AT&T Mobility LLC v. Concepcion,*

131 S.Ct. 1740, 1746 (2011) (quoting 9 U.S.C. § 2). "This savings clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability.'" *Id.* (citing *Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)).

In this case, Plaintiff argues that several clauses of the agreement to arbitration agreement are unconscionable and will prevent Plaintiff from effectively pursuing her rights under federal law. Because the agreement does not contain a severability clause, Plaintiff reasons, the unconscionable clauses cannot be severed, thereby invalidating the entire agreement.

Defendants argue that the issue of whether the arbitration agreement is valid and enforceable should be determined by the arbitrator rather than this court. This threshold issue must be addressed before the Court can address Plaintiff's arguments relating to specific provisions in the agreement, since the parties' agreement to arbitrate the validity of the arbitration agreement would obviate the need for a judicial analysis of the same issue.

Absent clear and unmistakable evidence to the contrary, the issue of whether an arbitration agreement is valid and enforceable is for the district court rather than the arbitrator. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003) (plurality opinion). In this case, however, the parties agreed that an arbitration under the agreement would be conducted and administered under the AAA's National Rules for the Resolution of Employment Disputes - Arbitration and Mediation (now known as the Employment Arbitration Rules and Mediation Procedures). [Doc. 7-1 at 2]. Rule 6(a) gives the arbitrator "the power to rule on his or her own jurisdiction, including any objection with respect to the existence, scope or validity of the arbitration agreement." Am. Arbitration Ass'n, *Employment Arbitration Rules and Mediation Procedures* 20 (amended 2009), *available at* http://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004362&revision=latestreleased.

3

Therefore, the issue before the Court is whether the parties, by expressly incorporating the AAA's rules, clearly and unmistakably agreed to arbitrate the validity of the arbitration agreement.

In *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 674 (5th Cir. 2012), the Fifth Circuit addressed an arbitration agreement that expressly incorporated the AAA's Construction Industry Arbitration Rules. The Construction Industry Arbitration Rules, like the Employment Arbitration Rules, grant the arbitrator "the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." At issue in *Petrofac* was whether the controversy between the parties was within the scope of the arbitration agreement. Citing case law from other circuits, the Fifth Circuit held that "the express adoption of these rules presents clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." *Id.* (citations omitted).

This case differs from *Petrofac* in that the parties don't dispute the arbitrability of the controversy. Rather, the issue is whether the parties agreed to arbitrate the validity of the agreement itself. The Fifth Circuit's holding in *Petrofac* is instructive nonetheless because it clarifies the Fifth Circuit's stance on arbitration agreements that incorporates the AAA's rules. Applying the *Petrofac* Court's rationale, it is clear that parties expressly adopting the AAA's rules agree not only to arbitrate arbitrability, but also to arbitrate the validity of the arbitration agreement itself. This conclusion is bolstered the Eleventh Circuit's holding in *Terminix International Company, LP v. Palmer Ranch Limited Partnership,* 432 F.3d 1327 (11th Cir. 2005). In that case, the court held that by incorporating the AAA rules into an arbitration agreement, "the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid." *Id.* at 1332. Following these cases, it is apparent that the parties clearly and unmistakably agreed to arbitrate the

4

validity of the agreement. Accordingly, the validity of the agreement as a whole, as well as the specific provisions addressed by Plaintiff, is for the arbitrator, not this Court, to address.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay and Compel Arbitration [Doc. 7] is **GRANTED**. Defendants' Motion to Dismiss is **DENIED**. Pursuant to 9 U.S.C. § 3, this matter is **REFERRED** to arbitration. Plaintiff's claims are hereby **STAYED** pending resolution of such arbitration proceedings. **IT IS FURTHER ORDERED** that Defendants shall file a written status report with this Court indicating the status of the arbitration proceedings on or before August 9, 2013.

**THUS DONE AND SIGNED**, Shreveport, Louisiana, this 7 day of February, 2013.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE